Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Orlando Arellano (SBN 234073)
Orlando.Arellano@jacksonlewis.com
Rebecca Kim (SBN 276163)
Rebecca.Kim@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
CARDINAL HEALTH 110,
CARDINAL HEALTH 200

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 200, LLC; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: <br><br> **DECLARATION OF ADAM SIEGEL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL** <br><br> (Filed concurrently with Notice of Removal; Declaration of Laura Garza; Civil Case Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement) <br><br> Complaint Filed: September 3, 2024 |

/ / /

/ / /

/ / /

/ / /

/ / /

CASE NO.:

1

DECLARATION OF ADAM SIEGEL ISO DEFENDNTS' NOTICE OF REMOVAL

## DECLARATION OF ADAM SIEGEL

I, Adam Siegel, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and before this Court.  I am a Principal with the law firm Jackson Lewis P.C., counsel of record for defendants CARDINAL HEALTH 110, LLC and CARDINAL HEALTH 200, LLC ("Defendants").  I make the following declaration based on personal knowledge, unless otherwise stated, and on my review of and familiarity with Defendant's files and documents in the above-captioned matter.  If called as a witness, I could and would competently testify to the facts contained herein.  I submit this declaration in support of Defendant's Notice of Removal.

2.      On September 3, 2024 Plaintiffs Pedro Chavez, Matthew Correa, and Angel M. Cisneros ("Plaintiffs") filed an unverified Class Action Complaint against Defendants in the Superior Court of the State of California for the County of Los Angeles, entitled PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS, individually and on behalf of all others similarly situated, Plaintiffs, vs. CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 200, LL; and DOES 1 through 20, inclusive, Defendants; Case No.: 24STCV22512.  Attached hereto as **Exhibit "A"** are true and correct copies of Plaintiffs' Summons, Complaint, and related court documents filed in the Los Angeles County Superior Court and/or served on Defendants.

3.      On September 17, 2023 Plaintiffs served Defendants with a copy of the Summons and Complaint via "drop service" (as opposed to personal service).  Attached hereto as **Exhibit "B"** are true and correct copy of the Proofs of Service of Summons and Complaint.

4.      On October 16, 2024, Defendants filed and served an Answer to the Complaint in the Los Angeles Superior Court, making a general denial as permitted by California Code of Civil Procedure § 431.30(d) and asserting various affirmative defenses.  Attached hereto as **Exhibit "C"** is a true and correct copy of the Answer Defendants filed.

5.      To the best of my knowledge and based on information and belief, **Exhibits "A," "B" and "C"** are all of the pleadings received or served by the Defendants in state court.

| CASE NO.: | 2 | DECLARATION OF ADAM SIEGEL ISO DEFENDNTS' NOTICE OF REMOVAL |

6.     I am not aware of any individual or entity being substituted in as a Doe defendant in the state court action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 17th day of October, 2024, at Los Angeles, California.

_____

ADAM Y. SIEGEL

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 200, LLC;<br>and DOES 1 through 20, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M.<br>CISNEROS, individually and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**9/03/2024 7:06 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By M. Aguirre, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of the State of California, Los Angeles County<br>111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>24STCV22512 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., #100, Irvine, CA 92618, 949.379.6250

| | | | |
|---|---|---|---|
| DATE: 09/03/2024<br>*(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* M. Aguirre | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Cardinal Health 110, LLC

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/03/2024 7:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk

Attorneys for Plaintiffs, Pedro Chavez, Matthew Correa,
and Angel M. Cisneros, individually, and on behalf of
all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 200, LLC; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.  24STCV22512 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. Failure to Pay Minimum Wages; <br><br> 2. Failure to Pay Overtime Wages; <br><br> 3. Failure to Provide Meal Periods; <br><br> 4. Failure to Permit Rest Breaks; <br><br> 5. Unlawful Deductions; <br><br> 6. Failure to Reimburse Business Expenses; <br><br> 7. Failure to Provide Accurate Itemized Wage Statements; <br><br> 8. Failure to Pay All Wages Due Upon Separation of Employment; and <br><br> 9. Violation of Business and Professions Code §§ 17200, *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiffs Pedro Chavez, Matthew Correa, and Angel M. Cisneros, individually and on behalf of others similarly situated, allege as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.    Plaintiffs Pedro Chavez, Matthew Correa, and Angel M. Cisneros ("Plaintiffs") bring this putative class action against defendants Cardinal Health 110, LLC, Cardinal Health 200, LLC and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiffs' own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.    Defendants provide services or goods throughout California.

3.    Through this action, Plaintiffs allege that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiffs are informed and believe, and thereon allege, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a)    failing to pay all wages (including minimum wages and overtime wages);

(b)    failing to provide lawful meal periods or compensation in lieu thereof;

(c)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

(d)    failing to reimburse necessary business-related costs;

(e)    making improper deductions from employees' earned wages;

(f)    failing to provide accurate itemized wage statements;

(g)    failing to pay wages timely during employment; and

(h)    failing to pay all wages due upon separation of employment.

5.    Plaintiffs seek monetary relief against Defendants on behalf of Plaintiffs and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 221, 226, 226.7, 510, 512,

-1-

1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

6.     This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.     Plaintiffs are residents of California and worked for Defendants during the relevant time periods as alleged herein.

11.     Plaintiffs are informed and believe, and thereon allege that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiffs are unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend

-2-

CLASS ACTION COMPLAINT

this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14. Plaintiffs are informed and believe, and thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the class members.

15. Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17. Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action under Code of Civil Procedure § 382 on Plaintiffs' own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

-3-

20.    Plaintiffs' proposed class consists of and is defined as follows:

Class

All California citizens currently or formerly employed by any or all Defendants as non-exempt employees in the State of California at any time between March 5, 2020.[1] and the date of class certification ("Class").

21.    Plaintiffs also seek to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendants at any time between March 5, 2021 and the date of class certification ("Waiting Time Subclass").

22.    Plaintiffs reserve the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.    Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.    There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)    Whether Defendants failed to pay Plaintiffs and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiffs and Class Members.

(b)    Whether Defendants required Plaintiffs and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-4-

(c)    Whether Defendants deprived Plaintiffs and Class Members of timely meal periods or required Plaintiffs and Class Members to work through meal periods without legal compensation.

(d)    Whether Defendants deprived Plaintiffs and Class Members of rest breaks or required Plaintiffs and Class Members to work through rest breaks.

(e)    Whether Defendants failed to reimburse Plaintiffs and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)    Whether Defendants made unlawful deductions from Plaintiffs' and class members' wages.

(g)    Whether Defendants failed to provide Plaintiffs and Class Members accurate itemized wage statements.

(h)    Whether Defendants failed to pay wages timely to Plaintiffs and Class Members;

(i)    Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(j)    Whether Defendants' conduct was willful or reckless.

(k)    Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.    There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)    Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiffs at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    Typicality: Plaintiffs' claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the

-5-

provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiffs are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)     Adequacy: Plaintiffs will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiffs' best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d)     Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)     Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

///

///

///

-6-

CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

26. At all relevant times mentioned herein, Defendants employed Plaintiffs and other California residents as non-exempt employees throughout California at Defendants' California business location(s).

27. Defendants continue to employ non-exempt employees within California.

28. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members did not receive all rest breaks or payment of one (1)

-7-

additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to all earned wages without unlawful deductions. In violation of the California Labor Code, Defendants made unlawful deductions from Plaintiffs' and Class Members' wages.

33.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to reimbursement and/or indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members incurred necessary business expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

34.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiffs and Class Members were not provided with accurate itemized wage statements.

-8-

CLASS ACTION COMPLAINT

35. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

36. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known they had a duty to compensate Plaintiffs and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

37. Therefore, Plaintiffs bring this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiffs' own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

38. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

39. Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

40. Plaintiffs and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

41. During the relevant time period, Defendants failed to pay Plaintiffs and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

42. During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiffs and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

-9-

43. Defendants' failure to pay Plaintiffs and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiffs and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

44. Pursuant to Labor Code § 1194.2, Plaintiffs and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

## <u>FAILURE TO PAY OVERTIME</u>

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

45. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

46. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

47. Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiffs and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

48. The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiffs and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

49. California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh

-10-

CLASS ACTION COMPLAINT

consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

50. Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

51. Plaintiffs and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

52. During the relevant time period, Defendants required Plaintiffs and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

53. During the relevant time period, Defendants failed to pay Plaintiffs and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiffs and Class Members were not paid proper overtime wages.

54. In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiffs and Class Members for all wages earned and all hours worked.

55. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

56. Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

-11-

57.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

58.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

59.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

60.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours in a day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

61.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     During the relevant time period, Plaintiffs and Class Members worked more than five (5) or ten (10) hours and did not receive all compliant meal periods because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

63.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

///

///

-12-

64. At all relevant times, Defendants failed to pay Plaintiffs and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

65. As a result of Defendants' failure to pay Plaintiffs and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiffs and Class Members suffered and continue to suffer a loss of wages and compensation.

### FOURTH CAUSE OF ACTION

### FAILURE TO PERMIT REST BREAKS

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

66. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

67. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

68. Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

69. During the relevant time period, Plaintiffs and Class Members did not receive all ten (10) minute rest periods for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

70. Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

71. At all relevant times, Defendants failed to pay Plaintiffs and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

-13-

72.   As a result of Defendants' failure to pay Plaintiffs and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiffs and Class Members suffered and continue to suffer a loss of wages and compensation.

## FIFTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM EARNED WAGES

(Violation of Labor Code § 221; Violation of IWC Wage Order)

73.   Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

74.   Labor Code § 221 provides that employers may not collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

75.   During the relevant time period, Defendants had a policy and practice of making unlawful deductions from earned wages of Plaintiffs and Class Members.

76.   As a result of Defendants' failure to refrain from making improper deductions from earned wages, Plaintiffs and Class Members suffered and continue to suffer a loss of wages and compensation, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

(Violation of Labor Code §§ 2800, 2802; Violation of IWC Wage Order)

77.   Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

78.   Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

79.   Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

-14-

CLASS ACTION COMPLAINT

80.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

81.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

82.    During the relevant time period, Plaintiffs and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

83.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiffs and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiffs' and Class Members' work and job duties.

84.    As a direct result, Plaintiffs and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

85.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

86.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

-15-

which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

87.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiffs and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiffs and Class Members.

88.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiffs and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiffs and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiffs and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiffs and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

89.    Plaintiffs and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

-16-

CLASS ACTION COMPLAINT

($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

90.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiffs and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiffs and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code §§ 201, 202, and 203)

91.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

92.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

93.    During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

94.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

95.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until

-17-

paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

96. Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq.*)

97. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

98. California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

99. A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiffs and Class Members to suffer and continue to suffer injuries-in-fact.

100. Defendants' policies and practices violated state law in at least the following respects:

    (a)    Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiffs and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

    (b)    Failing to provide compliant meal periods without paying Plaintiffs and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

    (c)    Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest

-18-

breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d)  Failing to refrain from making unlawful deductions from wages in violation of Labor Code § 221.

(e)  Failing to reimburse Plaintiffs and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.

(f)  Failing to provide Plaintiffs and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(g)  Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

101.  As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, making unlawful deductions, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

102.  At all relevant times herein, Defendants held themselves out to Plaintiffs and Class Members as being knowledgeable concerning the labor and employment laws of California.

103.  At all times relevant herein, Defendants intentionally avoided paying Plaintiffs and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

-19-

CLASS ACTION COMPLAINT

104. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

105. As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiffs and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

106. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiffs, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiffs and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

On Plaintiffs' own behalf and on behalf of all others similarly situated, Plaintiffs pray for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2. For appointment of Pedro Chavez, Matthew Correa, and Angel M. Cisneros as class representatives;

3. For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4. For compensatory damages in an amount according to proof at trial;

5. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to Labor Code § 1194.2;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

-20-

CLASS ACTION COMPLAINT

9.    For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.    For pre-judgment interest;

13.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14.    For such other relief as the Court deems just and proper.

Dated: September 3, 2024                              **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiffs

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: September 3, 2024                              **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiffs

-21-

CLASS ACTION COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/03/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Aguirre _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24STCV22512 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 09/04/2024                                    By M. Aguirre                              , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)         **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06



# Superior Court of California, County of Los Angeles

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____        ➢ _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2




| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

  

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

                                     Clear

LACIV 075 (new)
LASC Approved 04/11              **STIPULATION AND ORDER – MOTIONS IN LIMINE**              Page 2 of 2

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                    )    TO EARLY ORGANIZATIONAL
                                    )    MEETING STIPULATION
                                    )
_____)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

*Carolyn E. Kuhl*
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL ) ) ) ) ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

-4-

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Exhibit B

**CT Corporation**
**Service of Process Notification**
09/17/2024
CT Log Number 547339358

## Service of Process Transmittal Summary

**TO:**    Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**    **Process Served in California**

**FOR:**   Cardinal Health 200, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS, individually and on behalf of all others similarly situated // To: Cardinal Health 200, LLC |
| **CASE #:** | 24STCV22512 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/17/2024 at 13:09 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                  Tue, Sep 17, 2024
**Server Name:**                           DROP SERVICE

| | |
|---|---|
| Entity Served | CARDINAL HEALTH 200 LLC |
| Case Number | 24STCV22512 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
09/17/2024
CT Log Number 547339929

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
            Cardinal Health, Inc.
            7000 Cardinal Pl
            Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**    Cardinal Health 110, LLC  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS, individually and on behalf of all others similarly situated // To: Cardinal Health 110, LLC |
| **CASE #:** | 24STCV22512 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/17/2024 at 12:55 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Tue, Sep 17, 2024 |
| **Server Name:** | DROP SERVICE |

| Entity Served | CARDINAL HEALTH 110 LLC |
|---|---|
| Case Number | 24STCV22512 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# Exhibit C

Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Orlando Arellano (SBN 234073)
Orlando.Arellano@jacksonlewis.com
Rebecca Kim (SBN 276163)
Rebecca.Kim@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Pepephone:    (213) 689-0404
Facsímile:    (213) 689-0430

Attorneys for Defendants
CARDINAL HEALTH 110, LLC and
CARDINAL HEALTH 200, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/16/2024 11:22 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 200, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 24STCV22512<br><br>[Assigned for all purposes to the Honorable Kenneth R. Freeman, Dept. 14**]**<br><br>**DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: September 3, 2024 |

Defendants CARDINAL HEALTH 110, LLC and CARDINAL HEALTH 200, LLC, ("Defendants") on behalf of themselves and for no other defendant, hereby respond to the Complaint for Damages ("Complaint") filed by Plaintiffs PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS ("Plaintiffs") as follows:

**GENERAL DENIAL**

Under the provisions of Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint. Defendants further deny, generally and specifically, that Plaintiffs and/or any member of the class Plaintiffs purport to represent (collectively,

"putative class members") have suffered any injury or been damaged in any sum whatsoever by reason of any act or omission on the part of Defendants, or any of its past or present agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Defendants have not completed its investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defense contained herein at any time. Without conceding that they bear the burden of proof of persuasion as to any of these, Defendants allege the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2. The Complaint is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§338, 339, 340, 343, and California Business and Professions Code §§17200, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

### (No Permission or Knowledge)

3. Plaintiffs' claims for unpaid wages are barred, in whole or in part, because Defendants had no knowledge that Plaintiffs and any other individual whom Plaintiffs seek to represent in this action worked allegedly compensable hours while "off-the-clock," which was done without permission from Defendants, and because they were not suffered or permitted to work during any time for which they were not paid the appropriate wage rate, including the proper minimum wage and overtime rates.

/ / /

DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

4.    The Complaint as a whole, and each cause of action alleged therein, is barred in whole or in part because Plaintiffs lacks standing to bring the instant action on behalf of Plaintiffs and any other individual whom Plaintiffs seek to represent in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

5. The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants have procedures in place for reporting work-related issues, including, but not limited to issues related to timekeeping, meal periods, and rest periods. Plaintiffs and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiffs and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Expenses- Lack of Knowledge)

6. Even assuming *arguendo* Plaintiffs and putative class members were not reimbursed for all necessary business expenses, Plaintiffs and putative class members are not entitled to recover damages because Defendants did not know about the alleged business expenses.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

7. Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in that Plaintiffs and putative class members were guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants.

DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

9. Defendants are informed and believe, and thereon allege, that Plaintiffs' Complaint, and each of the purported causes of action asserted therein against Defendants, are barred, in whole or part, by Plaintiffs and putative class members' failure to exhaust applicable administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

10. Plaintiffs and putative class members are barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiffs and putative class members' failure to exercise reasonable diligence to mitigate their alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Offset)

11. Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiffs and putative class members received from any source after Plaintiffs and putative class members ceased to be employed by Defendants under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

12. Plaintiffs and putative class members' claims for exemplary and punitive damages are barred in that Plaintiffs and putative class members have failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code §3294.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Lack of Knowledge, Authorization, and/or Ratification)

13. Defendants are not liable for the alleged damages to Plaintiffs and putative class members because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, Defendants are informed and believe, and thereon allege that such person or entity did so

without the knowledge, authorization, or ratification of Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

14.     Defendants' actions concerning the matters alleged in the Complaint, if any, were taken in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Provided)

15.     The Complaint is barred, in whole or in part, because Plaintiffs and putative class members voluntarily chose not to take provided meal and rest periods as reasonably expected by Defendants and/or voluntarily waived the same.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Reasonable Direction)

16.     Defendants are informed and believe, and thereon allege, that any recovery on the Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code §§2854 and 2856 to the extent Plaintiffs and putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Record All Hours Worked)

17.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiffs and putative class members failed to work or record all time worked as reasonably expected or required by Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Failure)

18.     Plaintiffs and putative class members' claims are barred, in whole or in part, because, even if Plaintiffs and putative class members were not provided with a proper itemized statement of wages and deductions, they are not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California

5

Labor Code § 226(e).

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

19.    Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because any violation of the California Labor Code was an act or omission made in good faith, was not willful, and Defendants had reasonable grounds for believing that the act or omission was not a violation of the Labor Code.  As such, good faith disputes exist concerning any of Defendants' alleged violations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Wage Statements – No Injury)

20.    Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiffs and putative class members were not provided with a proper itemized statement of wages and deductions, they suffered no injury based on Defendants' alleged failure to provide itemized wage statements.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

21.    The Complaint is barred, in whole or in part, because Defendants did not have knowledge of any alleged violations of the Labor Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

22.    Any recovery on Plaintiffs' Complaint, and each cause of action alleged therein, is barred in whole or part by the doctrine of collateral estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith Belief That No Compensation Due)

23.    The Complaint's claim for waiting time penalties is barred in whole or in part because Defendants maintained a good faith belief at all times that no such compensation was ever due and owing to Plaintiffs and putative class members as they have received all income, compensation and pay to which they were ever entitled.

6

DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

24.     The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants had procedures in place for reporting work-related issues, including, but not limited to, issues related to timekeeping, meal periods, and rest periods. Plaintiffs and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiffs and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Labor Code §§ 201-204 – Timely Wage Payment)

25.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that Plaintiffs and putative class members' claims for penalties are barred because (1) there are bona fide disputes as to whether Defendants failed to timely pay all wages due, (2) there are bona fide disputes as to whether Defendants failed to present wage statements on a timely basis, and (3) Defendant has not willfully failed to pay such compensation, if any is owed.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Secreted or Absented)

26.     The Complaint, and each cause of action alleged therein, is barred in whole or in part to the extent that Plaintiffs and any other individual whom Plaintiffs seek to represent in this action secreted or absented themselves to avoid payment of wages, thereby further relieving Defendants of liability for waiting time penalties under the California Labor Code, including but not limited to California Labor Codes §§ 201, 202 and 203.

**TYWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees and Costs)

27.     Defendants have engaged attorneys to represent it in defense of Plaintiffs and putative class members' frivolous, unfounded and unreasonable action, and Defendants are thereby entitled to an award

DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES

of reasonable attorneys' fees and costs pursuant to Government Code §12965 upon judgment in its favor.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata)

28.    Any recovery on Plaintiffs' Complaint, and each cause of action alleged therein, is barred in whole or part by the doctrine of res judicata.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Jury Trial for Unfair Competition Claim)

29.    To the extent Plaintiffs seek equitable relief under the Cause of Action under California Business & Professions Code sections 17200, *et seq.*, they are not entitled to a jury trial and must instead adjudicate their claims by way of a bench trial.  (See *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278.)

## THIRTIETH AFFIRMATIVE DEFENSE

### (Releases)

30.    Plaintiffs and any other individual whom Plaintiffs seek to represent in this action are barred from recovery in this action to the extent that they have executed or are included within releases with Defendants covering the claims and/or allegations in this action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Accord, Satisfaction and Payment)

31.    Some or all of the causes of action in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

32.    Plaintiffs and putative class members have signed enforceable arbitration agreements that cover the claims asserted in this action. Plaintiffs and putative class members are in breach of Plaintiffs and putative class members' arbitration agreements, in which Plaintiffs and putative class members have agreed to arbitrate all employment related disputes on an individual basis. As such, Plaintiffs and putative class members must pursue their claims in individual arbitration, not before this Court.

8

DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES

**RESERVATION OF RIGHTS**

Defendants specifically reserve the right to assert additional affirmative defenses or to amend this Answer in accordance with the Code of Civil Procedure.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs and putative class members take nothing herein;

2.     For reasonable attorney's fees pursuant to California Government Code §12965;

3.     For costs of suit herein; and

4.     For such other and further relief as the Court may deem just and proper.

DATED:  October 16, 2024              JACKSON LEWIS P.C.

By:  _____
                                         Adam J. Siegel
                                         Orlando Arellano
                                         Rebecca Kim

                                         Attorneys for Defendants
                                         CARDINAL HEALTH 110 and
                                         CARDINAL HEALTH 200

## PROOF OF SERVICE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**     **PEDRO CHAVEZ vs CARDINAL HEALTH 110, LLC.**

**CASE NUMBER:**    **24STCV22512**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **October 16, 2024**, I served the foregoing document described as: **DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES** in this action by transmitting a true copy thereof as follows:

| | |
|---|---|
| **AEGIS LAW FIRM, PC**<br>SAMUEL A. WONG<br>KASHIF HAQUE<br>JESSICA L. CAMPBELL<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Telephone: (949) 379-6250<br>Facsimile: (949) 379-6251<br>Email: jcampbell@aegislawfirm.com | Attorneys for Plaintiffs,<br>PEDRO CHAVEZ, MATTHEW CORREA, and ANGEL M. CISNEROS, individually, and on behalf of all others similarly situated |

**[X]**    **BY MAIL:** Placing ☐ *the original* ☒ *a true copy* thereof enclosed in a sealed envelope addressed as listed above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]**    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to Code of Civil Procedure § 1010.6, a Court order or an agreement by the parties to accept service by e-mail or electronic transmission, I electronically served the document(s) described above to be sent from e-mail address vivian.castillo@jacksonlewis.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 16, 2024** at Los Angeles, California.

Vivian A. Castillo

---

10

DEFENDANTS CARDINAL HEALTH 110, LLC AND CARDINAL HEALTH 200, LLC'S ANSWER TO PLAINTIFFS PEDRO CHAVEZ, MATTHEW CORREA, AND ANGEL M. CISNEROS' COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
|---|---|
| **SHORT TITLE:** PEDRO CHAVEZ vs CARDINAL HEALTH 110, LLC<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>24STCV22512 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 10814955_2024_10_16_11_20_40_342_6
Submission Number: 24LA01765784
Court Received Date: 10/16/2024
Court Received Time: 11:22 am
Case Number: 24STCV22512
Case Title: PEDRO CHAVEZ vs CARDINAL HEALTH 110, LLC
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $35,000
Notice Generated Date: 10/16/2024
Notice Generated Time: 3:46 pm

**Documents Electronically Filed/Received**          **Status**

Answer                                              Accepted

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

**NOTICE OF CONFIRMATION OF FILING**

Superior Court of California
County of Los Angeles
'

**Receipt**    EFM-2024-9151275.1

**Date:**    10/16/24 3:46 PM
**Time:**    10/16/24 3:46 PM

CASE # 24STCV22512
PEDRO CHAVEZ vs CARDINAL HEALTH

| | |
|---|---|
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 435.00 |
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 435.00 |
| Complex Civil (each Defendant up to 18k)-Response - GC 70616(b) | 1,000.00 |
| Court Transaction Fee | 2.25 |
| Complex Civil (each Defendant up to 18k)-Response - GC 70616(b) | 1,000.00 |
| **Case Total:** | 2,872.25 |

**Total Paid:**    2,872.25

24LA01765784